COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Coleman and Willis

RAPPAHANNOCK FRAMING & TRIM
AND
ERIE INSURANCE EXCHANGE

v.   Record No. 0979-95-2                    MEMORANDUM OPINION[*]
                                                  PER CURIAM
TIMOTHY LADON TRENT                          SEPTEMBER 5, 1995

            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Jennifer Lee Parrish; Roberts, Ashby & Parrish, on
            brief), for appellants.  Appellants submitting on
            brief.

            (Carroll E. Smith, on brief), for appellee.  Appellee
            submitting on brief.


     Rappahannock Framing & Trim and its insurer (hereinafter
collectively referred to as "employer") appeal from a decision of
the Workers' Compensation Commission awarding benefits to Timothy
Ladon Trent for an April 6, 1994 back injury.  Employer contends
that (1) no credible evidence supports the commission's finding
that Trent sustained an injury by accident arising out of and in
the course of his employment; (2) the commission erred in not
considering inconsistencies in Trent's medical histories; (3) no
credible evidence supports the commission's award of temporary
total and temporary partial compensation; and (4) no credible
evidence proved that Trent adequately marketed his residual
capacity.  Finding no error, we affirm.

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

On appeal, we view the evidence in the light most favorable to the prevailing party below. <u>R.G. Moore Bldg. Corp. v. Mullins</u>, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld if supported by credible evidence. <u>James v. Capitol Steel Constr. Co.</u>, 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

Trent testified that, on April 6, 1994, while working for employer as a carpenter, he fell from a six-foot ladder and landed on his back on the floor. Trent's fall was witnessed by four or five co-workers, including his foreman, Tim Southern. Trent completed his work shift and returned to work the following morning. However, he was unable to continue working because of pain.

On April 12, 1994, Trent received medical treatment for low back and leg pain of a one-week duration at the Mary Washington Hospital emergency room. Trent was excused from work for three days and referred for orthopedic care. The emergency room notes state that Trent sustained leg and back pain when he stepped into mud and do not mention the ladder incident. Trent testified that he told the emergency room personnel about both incidents.

On April 18, 1994, Trent was first seen by Dr. Michael B. O'Brien, an orthopedic surgeon. Trent told Dr. O'Brien that he had stepped into mud and injured his lower back and left leg about one month before and that he had fallen off of a ladder and reinjured his back and leg one week before the April 18, 1994

2

examination. After an MRI revealed a herniated disc and possible extruded fragment, Dr. O'Brien recommended surgery. Dr. O'Brien opined that Trent was totally disabled as a result of these two incidents, both of which occurred at work, and noted that Trent needed to be very careful with his work until he could have the surgery. The surgery was not performed because employer denied Trent's claim. On June 27, 1994, Dr. O'Brien noted Trent's continuing back complaints and prescribed medication.

Trent stated that he began working part-time in August 1994 performing painting work for various friends. He earned approximately $2000.00 between August 15, 1994 and December 9, 1994. In rendering its award, the commission considered the testimony of Trent's foreman and co-workers concerning the ladder incident, evidence of other previous injuries Trent may have sustained, Trent's recorded statement, and the medical records. The commission resolved any inconsistencies in the evidence in favor of Trent. Trent's testimony and Dr. O'Brien's medical records constitute credible evidence to support the commission's findings that Trent's back injury was causally related to the April 6, 1994 fall from the ladder and resulted in total disability commencing April 7, 1994. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's findings." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). On appellate review, this Court "does not retry the

facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Id.

Because we affirm the commission's finding that Trent suffered total disability, we will not address the merits of employer's argument that Trent failed to market his residual capacity. Therefore, for the reasons stated, we affirm the commission's award of temporary total disability benefits for the period from April 8, 1994 through August 14, 1994 and temporary partial disability benefits commencing August 15, 1994.

Affirmed.